# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Frankie Mack, ) | C.A. No.: 8:17-cv-00590-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| Wal-Mart Stores, Inc., Associates' ) | |
| Health and Welfare Plan, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Whitmire, South Carolina.

II.

Defendant is a self-funded benefit plan organized and existing pursuant to 29 U.S.C.S. § 1132, and which does business in Whitmire, South Carolina.

III.

In this matter, Plaintiff seeks short term disability benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)), and a number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

IV.

Until August 2016, Plaintiff was employed with Wal-Mart Stores, Inc., and as an employee of Wal-Mart Stores, Inc., Plaintiff was provided with short term disability coverage via a plan which was fully funded by Wal-Mart Stores, Inc.

V.

Plaintiff became disabled because of certain problems from which she suffered. Plaintiff was forced to cease working and she filed a claim for short term disability benefits.

VI.

Defendant's claim decision maker denied Plaintiff's claim. Plaintiff appealed the denial and fully exhausted administrative remedies, but Defendant has failed and refused to provide additional benefits.

VII.

Defendant's claim decision maker made its claim decision while operating under a conflict of interest which significantly influenced the decision to deny Plaintiff's claims. The decisions were not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the decisions were reached by ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions. Accordingly, the claim decision maker operated under a conflict of interest which improperly and significantly influenced its claim decision.

**FOR A FIRST CAUSE OF ACTION**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan.  In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the short term disability benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/M. Leila Louzri_____
M. Leila Louzri, Esq.
Federal Bar #: 12007
**FOSTER LAW FIRM, LLC**
Post Office Box 2123
Greenville, South Carolina 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:     llouzri@fosterfoster.com

Date: <u>March 3, 2017</u>                    Attorneys for Plaintiff